OPINION OF THE COURT
Irving B. Kendall, J.
In a decision of this court dated February 21, 1978, we ruled that the City Court of Mount Vernon lacked geographical jurisdiction over a misdemeanor committed in New York City even though the crime was allegedly committed well within 100 yards of the line separating the two cities.
We relied on what to this court was the very clear language of CPL 20.50 (subd 2) which states: "2. Where an offense prosecutable in a local criminal court is committed in a city other than New York City * * * but within one hundred yards of any other such political subdivision, it may be prosecuted in either such political subdivision.” (Emphasis added.)
In his motion to reargue the decision of this court, the *962 District Attorney has chosen to ignore the limiting words which I emphasized in the last paragraph "other than New York City.”
It is clear that the distinction between CPL 20.50 and 20.40 is the grade of the crime. A felony committed within 500 yards of any of two counties can be prosecuted in either county (in the appropriate County Court), but a misdemeanor or violation or other petty offense prosecutable in a local criminal court, and local criminal courts are well defined in CPL 1.20 (subd 21), can be prosecuted in either of two adjoining cities, towns or villages if committed within 100 yards of the boundary line.
It is to be noted that local criminal courts have trial jurisdiction of all offenses other than felonies. (See CPL 10.20, subd 1.)
The District Attorney’s motion to reargue is granted but the original decision of this court dismissing the information herein not on the merits but on jurisdictional grounds is adhered to.